## THE PEOPLE v. DAVID THOMSON.

*Criminal law—Peddlers—License—Evidence—Statements of counsel.*

In a prosecution for the violation of a city ordinance requiring hawkers and peddlers to procure a license, it appeared that the defendant, with two others, was employed by one who was claimed to be an agent of the manufacturer, to sell an article manufactured in another state, but which was not sold in original packages. The officer who made the arrest testified that the defendant admitted making the sale set up in the complaint, whereupon the defendant's attorney remarked, "We don't dispute the sale; we admit," and then proceeded to

state as an admission what was apparently his opening of defense in the case, and upon the strength of which he claimed in the appellate court that the evidence failed to show that the defendant was a hawker and a peddler. And it is held that said statement of counsel cannot, in the absence of both oath and assent by counsel for the people to its truth, be treated as evidence or as admissions.

*Certiorari* to the recorder's court of Detroit. (Chapin, J.) Submitted on briefs October 25, 1894. Decided December 18, 1894.

Respondent was convicted of a violation of an ordinance of the city of Detroit prohibiting peddling and hawking without a license, and sentenced to pay a fine of $26. Judgment affirmed. The facts are stated in the opinion.

*Oscar M. Springer,* for respondent.
*Frank A. Rasch,* city attorney, for the people.

HOOKER, J. The defendant was convicted of the violation of an ordinance of the city of Detroit requiring hawkers and peddlers to procure a license.

The defendant was engaged to work with two others in selling an article manufactured in Rhode Island, called "Soapine." He was employed and paid weekly by a Mr. Sullivan, who is claimed to be an agent of the manufacturer. They traveled about the city with a horse and cart, selling the boxes from door to door, delivering the goods and receiving pay. There is no claim that the goods were in "original packages." Counsel for the defendant contends:

1. That the evidence fails to show that defendant was a hawker and a peddler.
2. That the ordinance is void under the Constitution and laws of this State.
3. That it is void because in conflict with the Federal Constitution and laws.

The first proposition is based on testimony showing that this was an advertising scheme. The only evidence returned (judging from the printed record) is that of the officer who made the arrest and the defendant. The officer testified that the defendant admitted the sale. Mr. Springer (who was apparently counsel for the defendant) thereupon remarked: "We don't dispute the sale; we admit," and he thereupon proceeded to state as an admission what was apparently his opening of defense in the case. It finally took the form of a colloquy between the court and Mr. Springer. The record contains nothing to show that counsel for the people conceded the truth of this unique admission of a defense. We presume, however, that the word "admit" was mistakenly used by the stenographer or printer. At all events, the statement cannot be treated as evidence or admissions, in the absence of both oath and assent by counsel for the city. In answer to the question by the court, "How about the profits?" Mr. Springer said, "Here is a profit voucher that I will offer in evidence." This was a blank, unfilled, and its admission was excepted to. The defendant did not testify about the method of doing business, ownership, division of profits, etc. If the evidence is all printed (which is nowhere stated, so far as we discover), it rests on Mr. Springer's opening, which is dubbed an "admission." It is not stated that the voucher was admitted, unless it is implied by the statement that "counsel for the city excepts to the admission of the voucher in evidence." We think, therefore, that we shall be compelled to say that the evidence shows the defendant to have been engaged in peddling soapine from a wagon upon which was the name "Kendall Manufacturing Co.," and that he represented that he was one of the manufacturers, who lived in Indiana, or somewhere, the witness being unable to remember

where.   The last was merely hearsay, and did not prove the fact.

There is nothing tangible in the record upon which to raise a question involving the Federal Constitution.   We shall therefore discuss only the question of the validity of the ordinance under Michigan statutes.   The point made upon this claim is that under the general law of Michigan (3 How. Stat. §§ 1262, 1263) the manufacturer was not, by anything contained in that chapter, to be prevented from selling his production without license.   As there is no evidence tending to show that the defendant was the manufacturer, or his agent, but to our minds the evidence conclusively shows the contrary, there is no occasion to consider the question further.   For a case closely resembling this, see *Com. v. Gardner,* 133 Penn. St. 284.

The judgment will be affirmed.

The other Justices concurred.